UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DANA BOUDREAUX** | **CASE NO. 6:22-CV-05448** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LIBERTY MUTUAL FIRE INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Liberty Personal Insurance Company's Rule 12(b)(6) Motion to Dismiss" (Doc. 20). Defendant, Liberty Personal Insurance Company ("Liberty"), improperly named as Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company, moves to dismiss the instant lawsuit with prejudice because Liberty has no record of the Hurricane Delta or Hurricane Ida claims alleged by Plaintiff.

## INTRODUCTION

In the Complaint originally filed by counsel for McClenny, Mosely & Associates, Plaintiff alleges that her property was damaged by Hurricane Delta on October 9, 2020, and Hurricane Ida on August 29, 2021.[1] During the relevant time period, Plaintiff alleges that the property was insured by Liberty and that Liberty has failed to properly adjust and pay her claim. Plaintiff seeks both contractual and extra-contractual damages including statutory penalties pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.[2]

---

[1] Doc. 1, ¶ ¶ 11-15.
[2] *Id.* ¶ ¶ 26 and 28.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Liberty moves to dismiss the instant lawsuit because it has no record that Plaintiff ever made a claim as to either Hurricane Delta or Hurricane Ida.[3]  Liberty also moves to

---

[3] Defendant's exhibit A, Declaration of Avery LeMaire.

dismiss the instant lawsuit because it was filed after the prescriptive period. Plaintiff has not filed an opposition to the motion. Thus, the Court considers the motion unopposed.

Liberty's claim file reveals that Plaintiff opened a hurricane claims file for losses on August 15, 2020, prior to either Hurricane Delta and/or Ida. To the extent that a proper Hurricane Laura claim was made, the Complaint does not allege any damage for Hurricane Laura. Additionally, Liberty maintains that if it did make those allegations, it would be prescribed.

The Court considers the Motion filed by Liberty as unopposed and therefore will grant its Motion to Dismiss and dismiss Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 26th day of September, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**